UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TYRON CLINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 22-40115-FDS |
| | ) | |
| PATRICK BURKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, C.J.**

This is an action arising out of a dispute concerning a child-support proceeding in the Worcester Probate and Family Court. Plaintiff Tyron Cline has sued 19 defendants: an Associate Justice of the Massachusetts Supreme Judicial Court; the former Massachusetts Attorney General (and current Governor of Massachusetts); a Probate Court judge; the Deputy Commissioner of the Massachusetts Department of Revenue ("DOR") Child Support Enforcement ("CSE") Division; private attorneys; and various other state and local government officials. The complaint asserts claims for fraud (Count 1); conspiracy to violate plaintiff's federal constitutional rights under 42 U.S.C. § 1985(3) (Count 2); violation of plaintiff's rights under the Fourth Amendment (Count 3); and fraud on the court (Count 4). Plaintiff is proceeding *pro se*.

All 19 defendants have moved to dismiss the complaint. For the reasons set forth below, the motions to dismiss will be granted.

I.  **Background**

  A.  **Factual Background**

Except as otherwise noted, the following facts are set forth as alleged in the complaint.

  1.  **The Parties**

Tyron Cline is a resident of New Jersey.  (Notice of Change of Address at 1).

The 19 defendants can be separated into two general categories.[1]

The first category is the Commonwealth defendants.  Maura Healey is the former Attorney General (and current Governor) of Massachusetts.  (Compl. ¶ 22).  Frank Gaziano is an Associate Justice of the Massachusetts Supreme Judicial Court.  (*Id.* ¶ 23).  Maura Doyle is the Clerk of the SJC.  (*Id.* ¶ 24).  Donna Wardynski is the Bar Docket Coordinator for the SJC.  (*Id.* ¶ 25).  Amy Stewart is the First Assistant Clerk of the SJC.  (*Id.* ¶ 26).  Leilah Keamy is an Associate Justice of the Worcester Probate and Family Court.  (*Id.* ¶ 21).  Stephanie Fattman is the Register of Probate for Worcester County.  (*Id.* ¶ 20).  Michele Cristello is the Deputy Commissioner of the CSE Division of the Massachusetts DOR.  (*Id.* ¶ 31).  MaryKate McDonald, Dolores O'Neill, and Geoffrey Snyder are DOR employees.  (*Id.* ¶¶ 27-28, 32).

The remaining defendants are not employees of the Commonwealth.  Wilson Nunez is a constable.  (*Id.* ¶ 33).  Amy Cross and Gregory Carr are deputy sheriffs for the Worcester County Sheriff's Office.  (*Id.* ¶¶ 29-30).  Patrick Burke, Andrea Levy, Frederick Rushton, and James Lukowiak are private attorneys.  (*Id.* ¶¶ 15-18).  Margaret Morang is a legal secretary for attorney Lukowiak.  (*Id.* ¶ 19).

---

[1] Although the complaint does not identify all defendants by their proper names or official titles, the court takes judicial notice of these "adjudicative facts."  *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 666 (D. Mass. 2016) ("[A]n 'adjudicative fact' is a fact 'not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'") (quoting Fed. R. Evid. 201(b)).

### 2. The Allegedly Unlawful State-Court Proceedings

The substance of the complaint concerns child-support proceedings in the Worcester Probate and Family Court. Although it is unclear, it appears that the dispute involves efforts to collect and enforce plaintiff's child-support obligations.

It is unclear whether any of the parties, including any child, are resident in a foreign country. In any event, the complaint alleges that the proceedings in the Probate Court were those of a foreign tribunal pursuant to a treaty formed between Massachusetts and "the Hague Child Support Convention." (*Id.* ¶ 34). It further alleges that plaintiff "has been ignored and actions by the foreign tribunal continued to commence despite invoking his protection under the Bill of Rights not to enter into a treaty." (*Id.* ¶ 89). The result, it alleges, has been "emotional and psychological harm [that was] significant and affects [plaintiff's] ability to function." (*Id.* at 3). It also alleges that he "suffered lost time that cannot be given back for time away from his offspring." (*Id.*).

### B. Procedural Background

On October 17, 2022, plaintiff filed a complaint seeking damages and declaratory and injunctive relief. As noted, the complaint alleges four counts: fraud (Count 1); conspiracy to commit constitutional violations (Count 2); violation of plaintiff's rights under the Fourth Amendment, which the court will construe as a claim brought under 42 U.S.C. § 1983 (Count 3); and fraud on the court (Count 4).

All defendants have moved to dismiss the complaint as to all counts.[2]

---

[2] Seven motions to dismiss have been filed by various defendants or groups of defendants: the Commonwealth Defendants; Gregory Carr and Amy Cross; Frederick Rushton; Patrick Burke and Andrea Levy; Wilson Nunez; Margaret Morang; and James Lukowiak.

## II. Analysis

### A. Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### B. Motions to Dismiss

For the following reasons, the complaint is insufficient to state any claim against any of the 19 defendants. Apart from Count 1—which lists all defendants—the complaint does not identify the defendants to which the other counts apply. Moreover, the complaint does not set forth sufficient acts or omissions by each defendant to satisfy the elements of any of the claims.

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The amendment has been construed to bar all suits against a state for damages in the federal courts, regardless of the citizenship of the plaintiff. *See, e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). A suit against a state official in his or her official capacity is considered a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 23 (1991).

Congress has not abrogated, and Massachusetts has not waived, its Eleventh Amendment immunity for civil-rights claims brought under 42 U.S.C. § 1983 or § 1985. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010).

Accordingly, to the extent the complaint asserts claims for damages against officials of the Commonwealth of Massachusetts (defendants Healey, Gaziano, Doyle, Wardynski, Stewart, Keamy, Fattman, Cristello, McDonald, O'Neill, and Snyder), they will be dismissed.

### 2. "Persons" Subject to Suit Under Section 1983

To prove a claim for monetary damages pursuant to 42 U.S.C. § 1983, a plaintiff must establish that some "person" acting under color of law deprived him or her of any "rights, privileges, or immunities secured by the Constitution." The states and their agencies are not "persons" subject to suit under § 1983 for damages. *See Will*, 491 U.S. at 70-71; *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Similarly, state officials sued for damages in their official capacity are likewise not "persons" under § 1983. *See Hafer*, 502 U.S. at 23. Accordingly, to the extent the complaint asserts a claim for damages under § 1983 against state officials acting in their official capacity (defendants Healey, Gaziano, Doyle, Wardynski, Stewart, Keamy, Fattman, Cristello, McDonald, O'Neill, and Snyder), it will be dismissed.

### 3. Judicial/Quasi-Judicial Immunity

The claims against the judges and court clerks are barred by judicial or quasi-judicial immunity. "[E]very judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law." *LaLonde v. Eissner*, 405 Mass. 207, 210 (1989) (quoting *Allard v. Estes*, 292 Mass. 187, 189-90 (1935)). That immunity applies even when the judge is accused of acting "maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

In addition, under Massachusetts law, "[c]ourt clerks enjoy qualified immunity from suit and are absolutely immune for their conduct when acting at a judge's direction." *Temple v. Marlborough Div. of Dist. Ct. Dep't*, 395 Mass. 117, 133 (1985). Indeed, "[c]ourts have expanded the doctrine of judicial immunity to include certain 'quasi-judicial' officers who are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a law suit." *Commonwealth v. O'Neil*, 418 Mass. 760, 767 (1994); *see also Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). The doctrine applies to court clerks performing their duties due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *McNeil v. State of Mass.*, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) (internal quotations and citations omitted).

Accordingly, to the extent the claims are asserted against judicial officers or court clerks or employees performing their official duties (defendants Gaziano, Doyle, Wardynski, Stewart, Keamy, and Fattman), they will be dismissed.

### 4. Prosecutorial Immunity

The claim against then-Attorney General Healey for failing to investigate plaintiff's allegations is barred by the doctrine of prosecutorial immunity. "[A] prosecutor enjoys absolute

6

immunity from suit based on actions taken pursuant to [her] quasi-judicial function." *Celia v. O'Malley*, 918 F.2d 1017, 1019 (1st Cir. 1990); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009) (prosecutor enjoys absolute immunity as long as challenged conduct falls within function as advocate for a governmental entity). The immunity extends to decisions not to initiate charges. *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992). Accordingly, to the extent the claims are asserted against defendant Healey in her prosecutorial capacity, they will be dismissed.

### 5. Qualified Immunity

"The general rule of qualified immunity . . . is that 'government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Floyd v. Farrell*, 765 F.2d 1, 4 (1st Cir. 1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The facts alleged in the complaint concern discretionary functions performed by government officials, and do not make out a violation of either a statutory or constitutional right. Accordingly, to the extent the claims asserted against the Commonwealth defendants (defendants Healey, Gaziano, Doyle, Wardynski, Stewart, Keamy, Fattman, Cristello, McDonald, O'Neill, and Snyder) involve discretionary functions, they will be dismissed.

### 6. *Rooker-Feldman* Doctrine

To the extent that the complaint seeks to challenge the validity of an order issued by the Probate Court, the claims are also barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). That doctrine precludes a federal court from reviewing a final judgment entered by a state court, or exercising jurisdiction, where the issues are "inextricably intertwined" with questions

previously adjudicated by a state court. *See Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999) (stating that a federal claim is "inextricably intertwined" with a state-court claim "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring))).

### 7. Substantive Claims

#### a. Count 1—Fraud

Under Fed. R. Civ. P. 9(b), in cases "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." The basic purposes of that requirement are (1) to give the defendants notice and enable them to prepare a meaningful response; (2) to preclude the use of a groundless fraud claim as a pretext to using discovery as a fishing expedition; and (3) to safeguard defendants from frivolous charges that might damage their reputations. *See In re Lupron Mktg. & Sales Pracs. Litig.*, 295 F. Supp. 2d 148, 170 (D. Mass. 2003). Under the heightened pleading requirement of Rule 9(b), a complaint alleging fraud must state "the who, what, where, and when" of the alleged deception. *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016).

The complaint fails to allege facts with sufficient particularity within the requirements of Rule 9(b). Instead, Count 1 merely recites the elements of fraud and asserts that all 19 defendants are liable. Accordingly, Count 1 will be dismissed as to all defendants.

#### b. Count 2—Conspiracy to Commit Constitutional Violations

Count 2 alleges a "conspiracy to commit fraud," the object of which was to deprive plaintiff "of a constitutionally protected right," under 42 U.S.C. § 1985(3). (*Id.*).

> To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a

constitutionally protected right or privilege.

*Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

The complaint falls well short of meeting those requirements.  Among other things, it does not allege which of the 19 defendants were members of the conspiracy.  Accordingly, Count 2 will be dismissed.

### c.      Count 3—Fourth Amendment Violation

Count 3 asserts a claim based on an alleged violation of plaintiff's Fourth Amendment rights, which the Court will construe as a claim asserted under 42 U.S.C. § 1983.  Section 1983 provides a private cause of action against any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983.

Count 3 is insufficient to state a claim under § 1983.  It makes a conclusory declaration: "Warrant without probable cause."  (Compl. at 12).  The remainder of Count 3 quotes the entirety of the Fourth Amendment, but fails to provide further allegations or identify which of the 19 defendants violated plaintiff's Fourth Amendment rights, or how those rights were violated.  Count 3 will accordingly be dismissed.

### d.      Count 4—Fraud on the Court

Count 4 asserts a claim for fraud on the court, based on the court's "authority to vacate a judgment under Fed. R. Civ. P. 60(d)(3).  Although such an action is recognized [by] Fed. R. Civ. P. 60(d)(3) . . . . This drastic remedy is hedged with restrictions." *Torres v. Bella Vista Hosp., Inc.*, 914 F.3d 15, 17-18 (1st Cir. 2019).  "'Fraud on the court' is limited to fraud that '"seriously" affects the integrity of the normal process of adjudication,' 'defile[s] the court itself,' and prevents 'the judicial machinery' from performing its usual function—for example, bribery of a judge or jury tampering." *Id.* at 19 (quoting 12 MOORE'S FEDERAL PRACTICE §

60.21[4][a] (2018)).

Count 4 is insufficient to state a claim.  It fails to allege facts sufficient to permit the claim to survive a Rule 12(b)(6) motion to dismiss.  Moreover, as with Counts 2 and 3, Count 4 does not specify which defendants allegedly committed the fraud on the court.  Furthermore, and in any event, the alleged fraud appears to have been committed on the Probate Court, not a federal court, and thus any such claim should be asserted, if at all, in the state courts.  Count 4 will therefore be dismissed as to all defendants.

### III.   Conclusion

For the foregoing reasons, defendants' motions to dismiss are GRANTED.

**So Ordered.**

Dated:  July 12, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court